■ 75 EAST END OWNERS, INC., Appellant, v JEROME PRINCE et al., Respondents.—Judgment, Supreme Court, New York County, entered on June 20, 1977, unanimously affirmed, without costs and without disbursements, for the reasons stated by Helman, J., at Special Term. Concur—Birns, J. P., Evans, Fein, Lane and Sullivan, JJ.

■ RONZONI MACARONI, INC., et al., Respondents, v BIRMINGHAM FIRE INSURANCE CO. OF PENNSYLVANIA, Appellant, and JO-KAREN FOOD CORP., Respondent.—Order, Supreme Court, New York County, entered on January 5, 1977, so far as appealed from, unanimously affirmed for the reasons stated by Gellinoff, J., at Special Term. Defendant-respondent shall recover of defendant-appellant $60 costs and disbursements of this appeal. Concur—Birns, J. P., Evans, Fein, Lane and Sullivan, JJ.

■ In the Matter of G & R ELECTRICAL CONTRACTORS, INC., Appellant, v JOSEPH J. CHRISTIAN, as Chairman of the New York City Housing Authority, et al., Respondents.—Judgment, Supreme Court, New York County, entered on May 25, 1977, unanimously affirmed for the reasons stated by Fein, J., at Special Term. Respondents shall recover of the appellant $60 costs and disbursements of this appeal. Concur—Birns, J. P., Evans, Lane and Sullivan, JJ.

## (March 16, 1978)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER RODRIGUEZ, Appellant.—This is an appeal from a judgment of the Supreme Court, Bronx County, rendered January 29, 1975, convicting defendant, after a jury trial, of attempted robbery in the first degree (Penal Law, §§ 110.00, 160.15), burglary in the second degree (Penal Law, § 140.25), assault in the second degree (Penal Law, § 120.05) and possession of a weapon as a misdemeanor (Penal Law, § 265.01). On September 30, 1974, defendant moved to dismiss the indictment alleging denial of his right to a speedy trial. This motion was granted to the extent of directing the trial court to conduct a factual hearing prior to trial to determine if there was an unreasonable delay in bringing this indictment to trial. No hearing was ever held and nothing was said respecting this outstanding ruling prior to or at trial. The matter is unanimously remanded to the trial court for a hearing as to the reasons for the adjournments of defendant's case and whether there was, in fact, a lack of speedy trial. Final determination of this appeal is held in abeyance pending the result of the hearing directed above. Concur —Murphy, P. J., Lupiano, Lane and Markewich, JJ.